**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL LEE ROBINSON,

Defendant-Appellant.

No. 04-3429

(D. of Kan.)

(D.C. No. 04-CR-40041-SAC)

**ORDER AND JUDGMENT** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

A jury in the United States District Court for the District of Kansas

convicted Michael Lee Robinson on one count of possessing a firearm after

having been convicted of a felony, in violation of 18 U.S.C. § 922(g).  Following

his conviction, Robinson moved the district court under Federal Rule of Criminal

Procedure 29(c) to set aside the jury verdict and enter a judgment of acquittal.  In

---

 * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

 ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

a detailed memorandum and order, the district court denied the motion. On appeal, Robinson argues that a judgment of acquittal should have been granted. We affirm the district court's order.

**BACKGROUND**

Officer Patrick Hannan, while on patrol, observed a yellow Cadillac that matched the description of a car that was the subject of a police chase several days earlier. Hannan followed the Cadillac, and when it made an illegal right-hand turn, Hannan activated his emergency lights in order to make a stop. Instead of stopping, however, the driver of the Cadillac accelerated and led Hannan on a short chase through a Topeka, Kansas neighborhood. The driver of the Cadillac pulled into a vacant parking lot, exited the car, and began running. Hannan followed the suspect, who was later identified as Robinson, on foot. Hannan testified that as Robinson ran, "he was holding his waist area with his right hand" as if he was holding an object in his pants. Hannan stated that "[w]hen people run, obviously they're running with the sprinter's motion, and he was still running with just his left hand in that motion and his right hand was still staying at his waist area."

As the foot chase continued, Robinson tripped and fell to the ground. Hannan observed a black object fall to the ground and slide a couple of feet across the asphalt. According to Hannan, who was approximately 15 yards behind

Robinson when this occurred, the object was dark in appearance and Hannan believed it to be a handgun. Robinson quickly picked up the object and continued running toward a nearby apartment complex. Hannan lost sight of Robinson for approximately two to three seconds when Robinson rounded a corner at the apartments. When Hannan rounded the corner and regained visual contact, Robinson was closer than Hannan expected him to be. Robinson was no longer holding his waist area or running; both of his hands were empty and he was slowing to a walk.

Hannan then arrested Robinson and conducted a search incident to lawful arrest. No incriminating evidence was found on Robinson's person. Hannan, now joined by backup officers, then searched the immediate vicinity. A fellow officer located a loaded semi-automatic firearm atop a ten-foot roof overhanging a porch. In Hannan's opinion, the gun had not been on the roof very long. The firearm was found lying in a puddle of water approximately one-quarter inch deep, but the top of the firearm was dry. According to Hannan, it had been raining all morning up until about 15 minutes prior to the chase. Had the gun been on the roof longer than 15 minutes, it would have showed signs of rain. Further, Hannan testified that, in his experience, a gun will begin to rust after one day in the rain. Lastly, Hannan testified that the gun could not have been placed on the roof through a window, because the windows above the roof did not open.

Fingerprint analysis by the Topeka Police Department was unable to match partial prints found on the magazine of the gun to Robinson. According to the fingerprint examiner, the prints found on the gun were not of a quality that would have enabled a successful match.

## ANALYSIS

The denial of a motion for a judgment of acquittal is reviewed de novo, viewing the evidence in the light most favorable to the government. *United States v. Lawrence*, 405 F.3d 888, 901 (10th Cir. 2005) (citation omitted). Our role is to determine whether there is evidence from which a jury could find the defendant guilty beyond a reasonable doubt. *United States v. Bailey*, 327 F.3d 1131, 1140 (10th Cir. 2003). In reviewing the evidence, however, we do not "weigh the evidence or consider the credibility of the witnesses in making [our] determination." *Id.* (quotation omitted). We may reverse the jury's verdict "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Haslip*, 160 F.3d 649, 652 (10th Cir. 1998) (quotation omitted).

Although we will not uphold a conviction obtained merely by piling inference on inference, *see United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998), we will uphold a verdict where "[c]ircumstantial evidence, taken together with any reasonable inferences which flow from such evidence, is

sufficient to establish guilt beyond a reasonable doubt." *United States v. Lazcano-Villalobos*, 175 F.3d 838, 843 n.2 (10th Cir. 1999) (quotation and citation omitted).

To prevail under 18 U.S.C. § 922(g), the government must prove three elements: (1) that the accused was previously convicted of a felony; (2) the accused thereafter knowingly possessed a firearm; and (3) the firearm had been shipped in interstate commerce. *See United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004). In this case, elements (1) and (3) are not in dispute. Robinson's only argument is that the government failed to produce evidence that he knowingly possessed the firearm.

The evidence in this case, viewed in the light most favorable to the government, was sufficient to support the jury's verdict. A reasonable jury could infer that the gun found on the roof had been thrown there by Robinson. This conclusion is bolstered by ample circumstantial evidence, including the manner in which Robinson held his pants as he ran, the black object seen by Hannan (identified as a gun by the pursuing officer) that fell from Robinson's pants, the location of the gun near where Robinson gave up the chase, and evidence that the gun had only been on the roof a short time. As noted by the district court, the jury apparently found Hannan's testimony to be clear, credible, and persuasive, and Robinson has shown no compelling reason to discredit the jury's findings.

-5-

We do not weigh conflicting evidence or second-guess findings of fact made by the jury. *See United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005) (citations omitted). Here, the jury could properly credit the testimony of the officer in determining guilt.

## CONCLUSION

Thus, because the government presented sufficient evidence to support the jury's findings, we AFFIRM the district court's order denying Robinson's motion for judgment of acquittal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge